**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

August 24, 2005

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 04-1485

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 03 CR 85 |
| VIRGIL D. CARROLL, *Defendant-Appellant*. | John C. Shabaz, *Judge*. |

**O R D E R**

After the Supreme Court held that the sentencing guidelines are advisory and not mandatory, *United States v. Booker*, 125 S.Ct. 738, 757 (2005), we ordered a limited remand to determine whether the district court would have sentenced Carroll differently had it known that it was not bound by the guidelines. *See United States v. Paladino*, 401 F.3d 471, 481 (7th Cir.2005).  The district judge has replied stating that he would have given Carroll the same sentence under advisory guidelines.  We invited the parties to file arguments concerning the reasonableness of the sentences, and both parties have filed responses.  We now affirm the sentence.

Carroll contends that the district court effectively treated the guidelines "as the beginning and end of the sentencing analysis." We have held that a sentence within a properly calculated guideline range is presumptively reasonable. *United States v. Mykytiuk*, No. 04-1196, 2005 WL 1592956, at *1 (7th Cir. July 7, 2005). An appellant may rebut the presumption of reasonableness if he can demonstrate that his sentence would be unreasonable when measured against the factors set forth in 18 U.S.C. § 3553(a). *Id.* at *2.

The district court properly applied the Guidelines when calculating Carroll's sentence. Indeed, Carroll does not challenge the district judge's application of the guidelines. Instead, he claims that the sentencing judge treated the guidelines as "*de facto* binding." This statement is simply inaccurate. The court specifically stated that "[h]ad the guidelines been advisory, this court would have imposed the same sentence believing it to be reasonable considering the defendant's criminal conduct, and [the need] to hold defendant accountable and protect the community from further criminality on his part." What's more, the court specifically referenced the factors enumerated in 18 U.S.C. § 3553(a) factors and decided that Carroll would have received the same sentence had the guidelines been merely advisory.[1] Carroll offers no argument as to why the district court's analysis should be considered insufficient to support his sentence.

Because the district court would have imposed the same sentence post-Booker and due to the fact that Carroll's sentence is reasonable, he has failed to establish plain error. See id. (citing Johnson v. United States, 520 U.S. 461, 466-67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997)). Accordingly, we AFFIRM the judgment of the district court.

---

[1] Carroll attempts to bolster his argument by stating that the court failed to "indicate any willingness to consider non-guidelines sentencing factors in any other manner than applying them to the guidelines sentence itself." This is also inaccurate in that the district court did consider factors outside the guidelines such as Carroll's "age, his status as head of family, his service in the military." However, the court concluded that those factors were "counterbalanced by the need to hold [Carroll] accountable for his criminal conduct which includes distributing methamphetamine to two minor girls and to deter him from any further criminal conduct."